■ VINCENT J. FRANCIS, Appellant, v ANTHONY POSA et al., Defendants, and TOWN OF PORTER et al., Respondents. [801 NYS2d 857]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 23, 2004. The order granted the motion of defendants Town of Porter and Town of Porter Building Inspector, William Smith, individually and in his official capacity, to dismiss the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against, inter alia, the Town of Porter and the Town of Porter Building Inspec-

tor, William Smith, individually and in his official capacity (collectively, defendants), alleging that they "negligently issued a certificate of occupancy" and that plaintiff reasonably relied on that certificate in purchasing a residence. The certificate of occupancy was issued on August 15, 2001, and plaintiff commenced this action in July 2004. Contrary to plaintiff's contention, the issuance of the certificate of occupancy is the event from which the claim against defendants arose (*see e.g. Klein v City of Yonkers*, 73 AD2d 931 [1980], *affd* 53 NY2d 1011 [1981]; *Matter of Witt v Town of Amherst* [appeal No. 2], 17 AD3d 1030 [2005]; *Rosenbaum v Boulder Ridge Homeowners Assn.*, 276 AD2d 615, 616 [2000]). Inasmuch as the action was not commenced within one year and 90 days after the claim arose (*see* General Municipal Law § 50-i [1]), the action was untimely, and Supreme Court properly granted that part of defendants' motion to dismiss the complaint against the Town of Porter and Smith, in his official capacity (*see generally Pierson v City of New York*, 56 NY2d 950, 954 [1982]). Even assuming, arguendo, that plaintiff's damages have continued, we conclude that the statute of limitations is not thereby extended where, as here, "the act itself [did not] continue" (*Sniper v City of Syracuse*, 139 AD2d 93, 95 [1988]; *see Witt*, 17 AD3d at 1031). We reject the contention of plaintiff that defendants are estopped from relying on the statute of limitations because their misrepresentations caused his delay in commencing the action. None of the alleged misrepresentations was made within the one-year and 90-day limitations period and thus cannot be deemed to have caused plaintiff's delay in commencing the action (*see generally Simcuski v Saeli*, 44 NY2d 442, 449 [1978]).

Contrary to the further contention of plaintiff, the court properly dismissed the complaint against Smith in his individual capacity as well, inasmuch as all of the allegations against him relate to actions taken within the scope of his official duties (*see generally Tango v Tulevech*, 61 NY2d 34, 41-42 [1983]; *Teddy's Dr. In v Cohen*, 47 NY2d 79, 82 [1979]).

We have reviewed plaintiff's remaining contentions and conclude that they are improperly raised for the first time in plaintiff's reply brief (*see Turner v Canale*, 15 AD3d 960 [2005]), involve material dehors the record (*see 10 Park Sq. Assoc. v Travelers [Travelers Ins. Cos.]* [appeal No. 2], 288 AD2d 828, 829 [2001]), or lack merit. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.