■ Donald Cardiff et al., Appellants, v Robert M. Carrier, Individually and as Officer/Agent of Legend Developers, LLC, et al., Defendants, and Vito Piemonte, Individually and as Officer/Agent of Town of Lee, et al., Respondents [913 NYS2d 618]—

Appeal from an order of the Supreme Court, Oneida County (Brian F. DeJoseph, J.), entered March 15, 2010. The order, among other things, granted the motion of defendants Vito Piemonte and Town of Lee to dismiss plaintiffs' complaints.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced actions that were thereafter consolidated alleging, inter alia, that the Town of Lee and its Code Enforcement Officer, individually and in his official capacity (collectively, defendants), negligently issued certificates of occupancy and that plaintiffs reasonably relied on those certificates in purchasing their respective residences. The actions were commenced in December 2008, more than one year and 90 days after each plaintiff's certificate of occupancy was issued. Contrary to plaintiffs' contention, Supreme Court properly granted the motion of defendants to dismiss the consolidated actions against them as time-barred, pursuant to General Municipal Law § 50-i. The dates on which the respective certificates of occupancy were issued "is the event from which [each] claim against defendants arose," and it is undisputed that plaintiffs failed to commence their actions within one year and 90 days after their claims arose (*Francis v Posa*, 21 AD3d 1335, 1336 [2005]). "[C]ourts have uniformly concluded that the limitation period begins to run upon the happening of the event, irrespective of when the action accrued . . . [T]he plain language of the statute[, i.e., General Municipal Law § 50-i,] admits of no other interpretation" (*Klein v City of Yonkers*, 53

NY2d 1011, 1013 [1981]). Also contrary to plaintiffs' contention, the court properly granted that part of defendants' motion with respect to the Code Enforcement Officer in his individual capacity, "inasmuch as all of the allegations against him relate to actions taken within the scope of his official duties" (*Francis*, 21 AD3d at 1336; *see generally Tango v Tulevech*, 61 NY2d 34, 41-42 [1983]; *Teddy's Dr. In v Cohen*, 47 NY2d 79, 82 [1979]). We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.