Royal Daycare Ctr., LLC v PB 2180 Pitkin Ave, LLC (2020 NY Slip Op 01377)





Royal Daycare Ctr., LLC v PB 2180 Pitkin Ave, LLC


2020 NY Slip Op 01377


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2018-10127
2018-14805
 (Index No. 505104/18)

[*1]Royal Daycare Center, LLC, appellant, 
v
PB 2180 Pitkin Ave, LLC, et al., defendants, New York City Department of Health and Mental Hygiene, et al., respondents.


Law Offices of Richard A. Dubi, P.C. (Heitz Legal, P.C., New York, NY [Dana Heitz], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jamison Davies of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an amended order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 26, 2018, and (2) an order of the same court dated November 8, 2018. The amended order dated July 26, 2018, denied the plaintiff's motion for leave to serve a late notice of claim. The order dated November 8, 2018, denied the plaintiff's motion for leave to renew its prior motion for leave to serve a late notice of claim.
ORDERED that the amended order and the order are affirmed, with one bill of costs.
On February 26, 2015, and March 19, 2015, the defendant New York City Department of Health and Mental Hygiene (hereinafter the DOH) issued the plaintiff permits allowing it to operate group child care services at premises the plaintiff had rented in Brooklyn. The plaintiff thereafter commenced running its day care center. On March 24, 2017, the DOH renewed the permits. In December 2017, the plaintiff ceased operating the daycare center, allegedly due to numerous structural problems and potential Building Code violations at the premises.
In March 2018, the plaintiff commenced this action against the DOH, the New York City Building Department, and the New York City Fire Department (hereinafter collectively the defendants), among others. In April 2018, the plaintiff moved to serve those defendants with a late notice of claim. The plaintiff contended that the defendants had negligently issued the 2015 permits allowing it to open the daycare center, based upon a certificate of occupancy that was fraudulently issued in August 2012. In an amended order dated July 26, 2018, the Supreme Court denied the motion. The plaintiff then moved for leave to renew its prior motion, and that motion was denied by order dated November 8, 2018. The plaintiff appeals.
Subject to certain tolling provisions not applicable here, a plaintiff is required to move for leave to serve a late notice of claim within 1 year and 90 days of the happening of the event upon which the claim is based (see General Municipal Law §§ 50-e[5]; 50-i[1][c]; Pierson v City of New [*2]York, 56 NY2d 950, 954; see also Klein v City of Yonkers, 53 NY2d 1011). Where a plaintiff moves for such relief after the 1-year-and-90-day period has expired, the Supreme Court is without authority to grant it (see Pierson v City of New York, 56 NY2d at 954-956; Matter of Nicholson v City of New York, 166 AD3d 979, 980).
Here, the limitations period for the plaintiff's claims expired 1 year and 90 days after the issuance of the permits in 2015 (see Klein v City of Yonkers, 53 NY2d 1011; Cardiff v Carrier, 79 AD3d 1626, 1626; Francis v Posa, 21 AD3d 1335, 1336; Merritt v Hooshang Constr., 216 AD2d 542, 543), long before the instant motion was made in 2018. Moreover, contrary to the plaintiff's contention, the renewal of the permits in 2017 did not start the statute of limitations running anew so as to permit her belated challenge to the initial issuance of the permits in 2015. The defendant's allegedly negligent issuance of the permits in 2015 was not in the nature of a continuing wrong, as the plaintiff argues, but a discrete act, despite the later, distinct decision to renew the permits (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1032; see generally Capruso v Village of Kings Point, 23 NY3d 631, 639). Therefore, we agree with the Supreme Court's denial of the plaintiff's motion for leave to serve a late notice of claim.
A motion for leave to renew must be based upon new facts, not offered on the original motion, "that would change the prior determination" (CPLR 2221[e][2]). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew, inasmuch as the newly submitted evidence would not have changed the prior determination (see Armstrong v Armstrong, 162 AD3d 621, 622; Cullin v Lynch, 148 AD3d 670, 670).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court