Lowell v Flom (2021 NY Slip Op 03829)





Lowell v Flom


2021 NY Slip Op 03829


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02798
 (Index No. 2310/13)

[*1]Paul G. Lowell, et al., appellants, 
v
Judith Esther Flom, etc., et al., respondents.


Duffy & Duffy, PLLC, Uniondale, NY (James N. LiCalzi of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Lena Holubnyczyj, and Nicholas Tam of counsel), for respondents Judith Esther Flom and North Shore University Hospital.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell of counsel), for respondents Harvey B. Pollak, Lisa May Brietstein, Daniel Brietstein Medical, P.C., and Prohealth Care Associates, LLP.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated January 28, 2019. The order granted the separate motions of the defendants Harvey B. Pollak, Lisa May Brietstein, Daniel Brietstein Medical, P.C., and Prohealth Care Associates, LLP, and the defendants Judith Esther Flom and North Shore University Hospital for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Paul G. Lowell (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action alleging that the defendants failed to diagnose and treat the injured plaintiff's infectious endocarditis, thereby causing or permitting vegetation to develop on his bicuspid aortic valve, leading to an embolus and a left middle cerebral artery cerebrovascular accident. The defendants Harvey B. Pollak, Lisa May Brietstein, as the administrator of the estate of Daniel Brietstein, Daniel Brietstein Medical, P.C., and Prohealth Care Associates, LLP, moved for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Judith Esther Flom and North Shore University Hospital separately moved for summary judgment dismissing the complaint insofar as asserted against them. The defendants submitted expert affirmations attesting that they did not depart from good and accepted medical practice and, in any event, no act or omission by them proximately caused the injured plaintiff's injuries. In opposition, the plaintiffs submitted an expert affidavit.
In an order dated January 28, 2019, the Supreme Court granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs appeal.
In order to establish the liability of a physician for medical malpractice, a plaintiff must prove "that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), with respect to at least one of those elements (see Simpson v Edghill, 169 AD3d 737). Where a defendant physician makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25).
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). Rather, the plaintiff's expert must specifically address the defense expert's allegations (see DiLorenzo v Zaso, 148 AD3d 1111).
Here, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of the affirmations of their medical experts, the injured plaintiff's medical records, and the transcripts of the deposition testimony. This evidence established that the defendants did not depart from good and accepted medical practice in their care and treatment of the injured plaintiff, and that, in any event, any alleged departures were not a proximate cause of the injured plaintiff's injuries.
In opposition, the affidavit of the plaintiffs' expert failed to raise a triable issue of fact as to a departure by the defendants from good and accepted medical practice. Moreover, the plaintiffs' expert failed to differentiate between the alleged acts or omissions of the various defendants (see Niedra v Mt. Sinai Hosp., 129 AD3d 801). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on 'specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Wagner v Parker, 172 AD3d 954, 955 [internal quotation marks omitted]). The plaintiffs' expert affidavit relied upon facts that were not supported by the record and, thus, was speculative, conclusory, and insufficient to defeat the defendants' separate motions for summary judgment.
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court