Powell v Singh (2021 NY Slip Op 06381)





Powell v Singh


2021 NY Slip Op 06381


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-06808
 (Index No. 8845/15)

[*1]Migna Powell, respondent, 
v
Kuldeep Singh, et al., appellants, et al., defendant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Steven Widom of counsel), for appellants.
Queller, Fisher, Washor, Fuchs & Kool, LLP, New York, NY (Ephrem J. Wertenteil of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Kuldeep Singh and Staten Island University Hospital appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated March 5, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In July 2015, the plaintiff commenced this action to recover damages for medical malpractice against, among others, Kuldeep Singh and Staten Island University Hospital (hereinafter the hospital, and hereinafter together with Singh, the defendants). The plaintiff alleged, inter alia, that the defendants were negligent in failing to consider her underlying excessive blood clotting condition in electing to leave a residual 30% stenosis during a procedure that Singh, a physician, performed on her at the hospital on August 7, 2014 (hereinafter the August 7 procedure), and in failing to admit her to the hospital and timely perform an angiogram on August 11, 2014, resulting in an above-the-knee amputation of her right leg. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated March 5, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). "Thus, in moving for summary judgment, a physician defendant must establish, prima facie, 'either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Hutchinson v New York City Health & Hosps. Corp., 172 AD3d at 1039, quoting Lesniak v Stockholm Obstetrics & Gynecological. Servs., P.C., 132 AD3d 959, 960). "Once a defendant makes this prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden'" (Mann v Okere, 195 AD3d 910, 911, quoting Donnelly v Parikh, 150 AD3d 820, 822). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Russell v Garafalo, 189 AD3d 1100, 1101, quoting Feinberg v Feit, 23 AD3d 517, 519).
Although the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by submitting the affirmation of an expert in vascular surgery, who opined that, based upon the plaintiff's medical records, the pleadings, and the transcripts of the deposition testimony of the plaintiff and Singh, the defendants' care and treatment of the plaintiff was within the standard of care (see e.g. Lowell v Flom, 195 AD3d 801, 803; Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011), in opposition, the plaintiff raised triable issues of fact regarding whether the defendants were negligent. The plaintiff's expert opined that, in light of the plaintiff's propensity for clot formation, the defendants were negligent in leaving residual stenosis during the August 7 procedure, that Singh should have attempted to perform bypass surgery on that date, and that the plaintiff's presentation to Singh's office on August 11, 2014, warranted hospitalization and further work-up and intervention (see e.g. Russell v Garafalo, 189 AD3d at 1102; Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 545-546).
Contrary to the defendants' contention, the assertion by the plaintiff's expert that the plaintiff had pain in the leg, and not just the toes, on August 11, 2014, is supported by the plaintiff's deposition testimony. Moreover, although the defendants' expert opined that, due to the presence of distal clots in the toes, bypass surgery was not feasible, the plaintiff's expert opined that it was, as the August 7 angiogram showed three vessels run off to the right foot.
"'When experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution'" (Russell v Garafolo, 189 AD3d at 1102, quoting Shields v Baktidy, 11 AD3d 671, 672). Given the conflicting expert affidavits, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The defendants' remaining contention is without merit (see Gelaj v Gelaj, 164 AD3d 878, 879).
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court