Valentine v Weber (2022 NY Slip Op 01836)





Valentine v Weber


2022 NY Slip Op 01836


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-08724 
2019-11496
 (Index No. 16-62013)

[*1]Robin A. Valentine, appellant, 
v
Philip Weber, etc., respondent, et al., defendants.


Tangredi Lebson LLP, White Plains, NY (Sean Lebson of counsel), for appellant.
Sholes & Miller, LLP, Fishkill, NY (Ellen A. Fischer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated June 17, 2019, and (2) an order of the same court dated September 13, 2019. The order dated June 17, 2019, insofar as appealed from, granted the motion of the defendant Philip Weber for summary judgment dismissing the complaint insofar as asserted against him. The order dated September 13, 2019, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to renew and reargue her opposition to the motion of the defendant Philip Weber for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order dated June 17, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated September 13, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 13, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Philip Weber.
The plaintiff underwent three surgical procedures performed by the defendant Philip Weber (hereinafter the defendant) due to complaints of abdominal bloating, pain, and difficulty swallowing related to gastroesophageal reflux disease (hereinafter GERD) and a hiatal hernia.
The plaintiff subsequently commenced this action against the defendant, among others, to recover damages for medical malpractice. At the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated June 17, 2019, the Supreme Court, inter alia, granted the defendant's motion. Thereafter, the plaintiff moved, inter alia, for leave to renew and reargue her opposition to the defendant's motion for summary judgment. By order dated September 13, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Where a defendant makes a prima facie showing on a motion for summary judgment, "the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 30). "General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see J.P. v Patel, 195 AD3d 852, 854). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, in opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert did not constitute competent evidence, because the expert was not authorized by law to practice medicine in New York State (see CPLR 2106; Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y., 179 AD3d 989, 993; Tomeo v Beccia, 127 AD3d 1071, 1073). Furthermore, even if the plaintiff's expert affirmation could be considered, it is insufficient to raise a triable issue of fact on the departure element as it is conclusory, without basis in the record, and fails to address the specific assertions of the defendant's expert (see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011; Gilmore v Mihail, 174 AD3d 686, 688). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
A motion for leave to renew must be based upon new facts, not offered on the original motion, "that would change the prior determination" (CPLR 2221[e][2]). Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment, inasmuch as the newly submitted evidence would not have changed the prior determination (see Royal Daycare Ctr., LLC v PB 2180 Pitkin Ave, LLC, 180 AD3d 1097, 1099; Armstrong v Armstrong, 162 AD3d 621, 622).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court