Martins v Fontanetta (2022 NY Slip Op 03110)

Martins v Fontanetta

2022 NY Slip Op 03110

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-03177
 (Index No. 606549/17)

[*1]Adelio Martins, respondent, 
v
A. Philip Fontanetta, etc., appellant, et al., defendant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani Rodriguez and Adonaid Medina of counsel), for appellant.
Law Offices of Bruce E. Cohen & Associates, P.C., Melville, NY, for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant A. Philip Fontanetta appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered January 17, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On April 12, 2017, the defendant A. Philip Fontanetta (hereinafter the defendant) performed a right total knee replacement procedure on the plaintiff. On April 29, 2017, the plaintiff experienced a "pop" in the knee, which was diagnosed as a right patellar tendon rupture. The plaintiff underwent another surgery to reconstruct the right patellar tendon on May 4, 2017.
The plaintiff commenced this action to recover damages for medical malpractice. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered January 17, 2019, the Supreme Court denied the motion, and the defendant appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d
18, 23; see Mann v Okere, 195 AD3d 910, 911; Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039; Donnelly v Parikh, 150 AD3d 820, 822). "'Thus, in moving for summary judgment, a physician defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Mann v Okere, 195 AD3d at 911, quoting Hutchinson v New York City Health & Hosps. Corp., 172 AD3d at 1039 [internal quotation marks omitted]; see Meade v Yland, 140 AD3d 931, 933; Trauring v Gendal, 121 AD3d 1097, 1097). "Once a defendant makes this prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden'" (Mann v Okere, 195 AD3d at 911, quoting Donnelly v Parikh, 150 AD3d at 822).
Here, the defendant met his prima facie burden of establishing his entitlement to judgment as a matter of law on the departure element by submitting an affirmation of an expert in orthopedic surgery, who opined that, based upon the plaintiff's medical records, the pleadings, and the transcripts of the deposition testimony, the defendant's treatment of the plaintiff was within the accepted standard of care (see Powell v Singh, 199 AD3d 946, 947; Lowell v Flom, 195 AD3d 801, 803). In opposition, however, the plaintiff raised triable issues of fact as to whether the defendant departed from the accepted standard of care (see Powell v Singh, 199 AD3d at 948; Russell v Garafalo, 189 AD3d 110, 1102). The plaintiff's expert in orthopedic surgery opined that it was a departure from good and accepted medical practice for the defendant to perform a release of the lateral retinaculum early in the surgical procedure, and that the defendant should have performed femoral and tibial cuts to loosen the soft tissue and invert the patella instead of performing a lateral release. Contrary to the defendant's contention, the operative report from the procedure demonstrates that the defendant did not make femoral cuts until after he had already performed the lateral release.
As to the element of proximate cause, the defendant failed to make a prima facie showing that the alleged departures from accepted medical practice were not a proximate cause of the plaintiff's injuries (see Barnett v Fashakin, 85 AD3d 832, 835). The opinion of the defendant's expert that the plaintiff's patellar tendon rupture was caused by the plaintiff navigating stairs is contradicted by the plaintiff's deposition testimony that he was not navigating stairs at the time the injury occurred. Additionally, the opinion of the defendant's expert on causation was conclusory and failed to articulate how navigating stairs caused the injury. Therefore, because the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law on the element of proximate cause, the plaintiff was not obligated to raise a triable issue of fact with respect to this element (see Stukas v Streiter, 83 AD3d at 26).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court