Fuzailova v Rincon (2022 NY Slip Op 07061)

Fuzailova v Rincon

2022 NY Slip Op 07061

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-07429
 (Index No. 707751/18)

[*1]Tzipora Haimov Fuzailova, appellant,
v
Jacqueline Rincon, et al., defendants, Ariel Namatiev, et al., respondents.

Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 12, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the motion of the defendants Ariel Namatiev and Ella Namatiev which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court entered July 8, 2020.
ORDERED that the order entered October 12, 2021, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of a collision involving multiple motor vehicles. The defendant Ariel Namatiev, the operator of one of the vehicles involved, and the defendant Ella Namatiev, the owner of that vehicle (hereinafter together the Namatiev defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered July 8, 2020, the Supreme Court, among other things, granted that branch of the motion. Thereafter, the plaintiff moved, inter alia, for leave to renew her opposition to that branch of the motion of the Namatiev defendants which was for summary judgment dismissing the complaint insofar as asserted against them. In an order entered October 12, 2021, the court, among other things, denied that branch of the plaintiff's motion, and the plaintiff appeals.
A motion for leave to renew, inter alia, must be based on "new facts not offered on the prior motion that would change the prior determination" (see CPLR 2221[e][2]; Valentine v Weber, 203 AD3d 992, 993-994; Dembowski v Morris, 184 AD3d 736, 737). Here, although the Supreme Court was wrong to deny renewal based on a ground that the parties did not litigate, i.e., the admissibility of the deposition transcript of the defendant Jonathan Aliav (cf. Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54-55), the court properly denied that branch of the motion which was for leave to renew. The newly submitted evidence, including Aliav's deposition transcript, would not have changed the prior determination (see Valentine v Weber, 203 AD3d at 994).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court