Getselevich v Ornstein (2023 NY Slip Op 04754)

Getselevich v Ornstein

2023 NY Slip Op 04754

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-04113
 (Index No. 4163/15)

[*1]Tatyana Getselevich, appellant,
v
Yefim Ornstein, et al., defendants, Steve Nozad, respondent.

Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and David Richman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 18, 2021. The order, insofar as appealed from, granted the motion of the defendant Steve Nozad for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, alleging, inter alia, that the defendants failed to timely diagnose and treat her myocardial infarction, thereby causing her to suffer additional cardiac damage. The defendants Steve Nozad and Yefim Ornstein separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated May 18, 2021, the Supreme Court granted Nozad's motion and denied Ornstein's motion. The plaintiff appeals.
"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries" (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825 [internal quotation marks omitted]; see Messina v Rivera, 209 AD3d 1004, 1005). "Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact" (Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 744-745 [internal quotation marks omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 30). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Lowell v Flom, 195 AD3d 801, 802 [internal quotation marks omitted]; see Wagner v Parker, 172 AD3d 954, 955).
"Although summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, expert opinions that are conclusory, [*2]speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898-899 [internal quotation marks omitted]; see Gaston v New York City Health & Hosps. Corp., 207 AD3d 705, 706). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Wijesinghe v Buena Vida Corp., 210 AD3d at 825 [internal quotation marks omitted]; see Valentine v Weber, 203 AD3d 992, 993; Longhi v Lewit, 187 AD3d 873, 878).
Here, Nozad established, prima facie, that he did not depart from acceptable standards of care, thereby demonstrating his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert affidavit relied upon facts that were not supported by the record and, thus, was speculative, conclusory, and insufficient to defeat Nozad's motion for summary judgment (see Valentine v Weber, 203 AD3d at 993; Lowell v Flom, 195 AD3d at 803; Lowe v Japal, 170 AD3d 701, 702). Accordingly, the Supreme Court properly granted Nozad's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court