Rybek v New York City Health & Hosps. Corp. (2024 NY Slip Op 03506)

Rybek v New York City Health & Hosps. Corp.

2024 NY Slip Op 03506

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-01519
 (Index No. 707171/14)

[*1]Tomasz Rybek, etc., appellant, 
v
New York City Health and Hospitals Corporation, et al., respondents, et al. defendant.

Sabaj Law, P.C., Brooklyn, NY (Paul T. Sabaj of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack, Jared Hatcliffe, and Philip W. Young of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated February 8, 2022. The order granted the motion of the defendants New York City Health and Hospitals Corporation and Elmhurst Hospital Center for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff, Tomasz Rybek, by his guardian, commenced this action against, among others, the defendant Elmhurst Hospital Center, which is owned and operated by the defendant New York City Health and Hospitals Corporation (hereinafter together the defendants), to recover damages for medical malpractice. The plaintiff alleged, among other things, that the defendants were negligent in their failure to properly prevent and treat the plaintiff's pressure ulcers during the times at which the plaintiff was a patient at their facility.
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated February 8, 2022, the Supreme Court granted the motion. The plaintiff appeals. We affirm.
"'To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care at the facility where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury'" (Wagner v Parker, 172 AD3d 954, 954, quoting Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482). "Thus, 'a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries'" (Wagner v Parker, 172 AD3d at 954, quoting Matos v Khan, 119 AD3d 909, 910). "'To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars'" (Wagner v Parker, 172 AD3d at 954, quoting Terranova v Finklea, 45 AD3d 572, 572).
"Once a defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's showing, but only as to those elements on which the defendant met the prima facie burden" (Wagner v Parker, 172 AD3d at 954; see Stukas v Streiter, 83 AD3d 18, 23-24). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d at 955 [citation omitted]; see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Getselevich v Ornstein, 219 AD3d 1493, 1495, quoting Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825). "'An expert opinion that is contradicted by the record cannot defeat summary judgment'" (Wagner v Parker, 172 AD3d at 955, quoting Bartolacci-Meir v Sassoon, 149 AD3d 567, 572).
Here, the Supreme Court properly determined that the defendants established, prima facie, their entitlement to judgment as a matter of law through the submission of, among other things, the affidavit of their expert, who averred that, based upon his review of, inter alia, the plaintiff's medical records, the defendants' treatment of the plaintiff was within the appropriate standard of medical care (see Wagner v Parker, 172 AD3d at 955).
In opposition, the plaintiff failed to raise a triable issue of fact. The undisclosed expert affirmation proffered by the plaintiff was speculative and conclusory and, therefore, insufficient to defeat the defendants' motion for summary judgment (see Getselevich v Ornstein, 219 AD3d at 1495; Wagner v Parker, 172 AD3d at 955). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court