Aubertine v Aubertine (2025 NY Slip Op 04372)

Aubertine v Aubertine

2025 NY Slip Op 04372

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

515 CA 24-01455

[*1]VINCENT C. AUBERTINE, PLAINTIFF-APPELLANT,
v
KEITH A. AUBERTINE AND TRACY L. AUBERTINE, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

TREVETT CRISTO, ROCHESTER (DAVID H. EALY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SCHWERZMANN & WISE, P.C., WATERTOWN (KEITH B. CAUGHLIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 13, 2024. The order granted the motion of defendants to the extent that it sought summary judgment dismissing the causes of action seeking to impose a constructive trust. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, who are his brother and his brother's wife, seeking, inter alia, to impose a constructive trust on certain real property. Defendants moved for, inter alia, summary judgment dismissing plaintiff's amended complaint. Supreme Court granted the motion to the extent that it sought summary judgment dismissing plaintiff's causes of action seeking to impose a constructive trust. Defendants subsequently cross-moved for summary judgment on their counterclaims, an award of possession, and a declaration that they are the rightful owners of the real property. The court effectively granted the cross-motion and, inter alia, granted defendants full and immediate possession of the land. In appeal No. 1, plaintiff appeals from the order dismissing his constructive trust causes of action. In appeal No. 2, plaintiff appeals from the later order insofar as it effectively granted the cross-motion.
In support of the first cause of action for a constructive trust, plaintiff alleges that his parents sold him the property, an approximately 108-acre parcel, as well as another parcel for a purchase price of $165,000. Plaintiff alleges that his parents promised to hold title to the 108-acre parcel "for [p]laintiff's benefit if and until they decided whether to subdivide" so as to put a house on a smaller parcel. Plaintiff further alleges that, in reliance on the promise, he paid the purchase price to his parents, but that, when his father died, his mother transferred title to the 108-acre parcel to defendants, who paid her $50,000.
Generally, there are four requirements for the imposition of a constructive trust: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Barker v Gervera, 236 AD3d 1318, 1325 [4th Dept 2025]). A constructive trust is applied in situations where "an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment" (McGrath v Hilding, 41 NY2d 625, 628-629 [1977]). Courts do not rigidly apply the elements constituting a constructive trust but use them as flexible guidelines (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Beason v Kleine, 96 AD3d 1611, 1613 [4th Dept 2012]; Kaufman v Cohen, 307 AD2d 113, 127 [1st Dept 2003]; see also Nastasi v Nastasi, 26 AD3d 32, 38 [2d Dept 2005]). The purpose of a constructive trust is to prevent unjust enrichment (see Simonds, 45 NY2d at 242; [*2]Cruz v McAneney, 31 AD3d 54, 58-59 [2d Dept 2006]).
Here, we conclude that defendants did not meet their initial burden on their motion insofar as it sought summary judgment dismissing plaintiff's first cause of action. Although the parents never transferred title of the 108-acre parcel to plaintiff, "courts have extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer [of that property] actually occurred" (Moak v Raynor, 28 AD3d 900, 902 [3d Dept 2006]; see generally Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730 [2d Dept 2012]). Thus, contrary to defendants' contention, we conclude that "the fact that . . . plaintiff never held any previous interest in the disputed parcel was not fatal to [his] claim" (Mendel v Hewitt, 161 AD2d 849, 850 [3d Dept 1990]).
Further, although defendants were not parties to the original promise between plaintiff and his parents, "if a constructive trust is otherwise appropriate, it will be imposed [on a third-party transferee] unless th[at] party . . . is a bona fide purchaser" (Majer v Schmidt, 169 AD2d 501, 503 [1st Dept 1991]; see Bronowski v Magnus Enters., 61 AD2d 879, 880 [4th Dept 1978]). Defendants failed to establish, as a matter of law, that they were bona fide purchasers, and there are questions of fact whether defendants were unjustly enriched by the transfer of the 108-acre parcel (see Simonds, 45 NY2d at 242; Istel v Istel, 258 AD2d 506, 507 [2d Dept 1999]).
Plaintiff's contentions regarding the second cause of action are improperly raised for the first time in plaintiff's reply brief and therefore not properly before us (see Francis v Posa, 21 AD3d 1335, 1336 [4th Dept 2005]). In any event, assuming arguendo that plaintiff did not abandon any challenge to the dismissal of the second cause of action by failing to raise any argument regarding that cause of action in his main brief on appeal, we conclude that those contentions are without merit.
We therefore modify the order in appeal No. 1 by denying the motion in part and reinstating the first cause of action. In light of our determination in appeal No. 1 that defendants did not meet their initial burden on their motion insofar as it sought summary judgment dismissing plaintiff's first cause of action, we also conclude that, in appeal No. 2, the court erred in effectively granting defendants' cross-motion, and we consequently reverse the order in appeal No. 2 insofar as appealed from and deny the cross-motion.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court