Spellman v Ginzburg (2025 NY Slip Op 04591)

Spellman v Ginzburg

2025 NY Slip Op 04591

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-01144
 (Index No. 600343/20)

[*1]David Spellman, et al., appellants, 
v
Lev Ginzburg, etc., et al., respondents.

Lisa M. Comeau, Garden City, NY, for appellants.
Mauro Lilling Naparty, LLP, Woodbury, NY (Caryn L. Lilling and Katherine Herr Solomon of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), dated October 23, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff David Spellman (hereinafter the injured plaintiff) was treated by the defendants for Crohn's disease. The injured plaintiff, and his wife suing derivatively, thereafter commenced this action against the defendants, inter alia, to recover damages for medical malpractice. The plaintiffs alleged, among other things, that the defendants inappropriately administered a medication known as Entyvio, thereby causing the injured plaintiff to develop psoriasis and psoriatic arthritis. The defendants moved, inter alia, for summary judgment dismissing the complaint. In an order dated October 23, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiffs appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Donohue v Grossman, 233 AD3d 1003, 1005 [internal quotation marks omitted]). Where a defendant makes such a prima facie showing, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact (see Weber v Sharma, 232 AD3d 930).
Although summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955; see Elstein v Hammer, 192 AD3d 1075, 1077). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Elstein v Hammer, 192 AD3d at 1077 [internal quotation marks omitted]; see Getselevich v Ornstein, 219 AD3d 1493, 1495).
Here, the defendants established, prima facie, that they did not depart from the applicable accepted standard of care, thereby demonstrating their entitlement to judgment as a matter of law dismissing the complaint. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submitted an affidavit and an affirmation from experts who relied upon facts that were not supported by the record and, thus, their opinions were speculative and conclusory (see Getselevich v Ornstein, 219 AD3d at 1494; Wagner v Parker, 172 AD3d at 955).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court