■ Harriet Heit, Respondent, v Long Island Jewish Medical Center, Appellant, et al., Defendant. [949 NYS2d 213]—

In an action to recover damages for medical malpractice, the defendant Long Island Jewish Medical Center appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated September 14, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On December 1, 2007, the then-74-year-old plaintiff was admitted to the emergency room at Long Island Jewish Medical Center (hereinafter LIJ) complaining of chest pain. According to her medical records, the plaintiff informed the medical staff that she had taken Ambien and Klonopin to help her sleep the night before her admission and had a history of, among other things, gastroesophageal reflux disease. Benadryl and Pepcid were administered intravenously to the plaintiff to treat her symptoms, and her condition improved. After approximately six hours in the emergency room, the plaintiff was discharged. The plaintiff alleges that before leaving the emergency room, she asked a nurse to call her son to pick her up because she was not feeling well, and the nurse complied. While looking for a location to meet her son, the plaintiff wandered down a hallway and allegedly was directed toward a set of doors reserved for ambulance staff. When she pressed the button to exit, the doors opened inward, knocking her over and causing injury. Thereafter, the plaintiff commenced this action against, among others, LIJ, alleging, among other things, that LIJ departed from good and accepted medical standards by allowing her to be discharged without assistance given the medications which had been administered. Following discovery, LIJ moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. LIJ appeals, and we affirm.

Here, LIJ established, prima facie, its entitlement to judgment as a matter of law by submitting, among other things, the affirmation of an expert physician, who concluded that LIJ did not depart from good and accepted medical practice in its treat-

ment and discharge of the plaintiff. However, in opposition, the plaintiff submitted an affidavit of an expert physician who opined, inter alia, that given the known potential side effects of Benadryl to cause dizziness and drowsiness and its potentiated effect on the elderly, the plaintiff should have been assisted by medical staff upon discharge or her condition should have been reevaluated immediately prior to discharge. Through this affirmation, and the deposition testimony of the plaintiff and the physicians who treated her at LIJ, the plaintiff raised a triable issue of fact as to whether LIJ deviated from good and accepted medical practice in the manner in which she was discharged, thus causing her to sustain injury (see generally Guzzi v Gewirtz, 82 AD3d 838, 839 [2011]; Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]; Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]; Feinberg v Feit, 23 AD3d 517, 518-519 [2005]).

LIJ's remaining contention that the plaintiff impermissibly raised a new theory of liability in opposition to its motion is without merit.

Accordingly, the Supreme Court properly denied LIJ's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.