■ SELMA ROSENSTACK, Appellant, v TIMOTHY WONG et al., Defendants, and WINTHROP UNIVERSITY HOSPITAL, Respondent. [965 NYS2d 151]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered December 8, 2011, as granted those branches of the motion of the defendant Winthrop University Hospital which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Winthrop University Hospital which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against it are denied.

In July 2008, the decedent, Paul Rosenstack, sought treatment from the defendant physician Timothy Wong, an employee of the defendant Klein, Geier, Lipp, M.D., LLP, complaining of a rectal bleed. The decedent had a history of cardiac surgery and was taking Coumadin, a blood-thinning medication. Wong recommended that the decedent undergo a colonoscopy at the

defendant hospital, Winthrop University Hospital (hereinafter Winthrop).

Following that procedure, while the decedent was in the post-operative recovery area, nurse Amanda Noble recorded, over a period of approximately 30 minutes, that the decedent had elevated adverse vital signs, including increased respiratory effort, a "hard" abdomen, and diaphoresis; he remained unconscious. At some point, the decedent's oxygen saturation level fell drastically, and Noble called the rapid response team and began to assist the decedent in breathing by use of an "ambu" bag. Wong was notified, ordered an X ray to rule out a suspected perforation of the colon, and contacted a surgeon. The decedent was taken into emergency surgery, which revealed that he had suffered multiple perforations of the colon, which was removed. A second surgery, an exploratory laparotomy, was conducted to control the bleeding. However, the decedent went into multiple organ failure and died on his third day as an inpatient at Winthrop.

The plaintiff commenced this action against, among others, Winthrop, alleging, inter alia, medical malpractice and wrongful death causes of action. Winthrop moved for summary judgment dismissing, among other things, those causes of action insofar as asserted against it, and the Supreme Court granted those branches of the motion.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Stukas v Streiter*, 83 AD3d 18 [2011]). Although, generally, a hospital cannot be held vicariously liable for the negligence of a private attending physician, concurrent liability will be imposed where, inter alia, a hospital's employees commit independent acts of negligence (*see Corletta v Fischer*, 101 AD3d 929, 930 [2012]). Here, Winthrop satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that Noble, its employee, did not commit any independent acts that deviated from the standard of care while attending to the decedent in the post-operative recovery area (*see Stukas v Streiter*, 83 AD3d at 30-31). However, Winthrop failed to satisfy its prima facie burden with respect to the issue of proximate cause, as the opinion rendered by its expert on that issue was conclusory (*see Faicco v Golub*, 91 AD3d 817, 818 [2012]). Therefore, the burden shifted to the plaintiff to raise a triable issue of fact only as to whether there was a deviation from the standard of care (*see*

*Stukas v Streiter*, 83 AD3d at 30). The plaintiff did so through the affidavit of her expert, who opined that Noble deviated from the standard of care by, inter alia, failing to recognize the signs of a complication and timely report those signs to Wong. In light of the conflicting opinions of the parties' experts, summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against Winthrop should have been denied (*see Shields v Baktidy*, 11 AD3d 671 [2004]). Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.