Russell v Garafalo (2020 NY Slip Op 07413)





Russell v Garafalo


2020 NY Slip Op 07413


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-05043
 (Index No. 601810/15)

[*1]Nancy E. Russell, etc., respondent, 
v
Anthony J. Garafalo, etc., et al., appellants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for appellant Anthony J. Garafalo.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for appellants South Bay Cardiovascular Associates, P.C., Eastern Cardiology Associates, P.C., and St. Francis Hospital.
Sullivan Papain Block McGrath & Cannavo P.C., Garden City, NY (Stephen C. Glasser of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Anthony J. Garafalo and the defendants South Bay Cardiovascular Associates, P.C., Eastern Cardiology Associates, P.C., and St. Francis Hospital separately appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 29, 2018. The order, insofar as appealed from, denied the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs, payable by the appellants appearing separately and filing separate briefs.
In August 2012, the decedent was referred to the defendant Anthony J. Garafalo, a cardiologist employed by the defendants South Bay Cardiovascular Associates, P.C., Eastern Cardiology Associates, P.C., and St. Francis Hospital (hereinafter collectively the South Bay defendants), after having experienced, among other things, lightheadedness and shortness of breath. Garafalo performed a complete physical and an EKG during that first visit. He referred the decedent for an echocardiogram on September 5, 2012, and, on October 9, 2012, he also performed a stress test. The echocardiogram revealed a slightly dilated left ventricle, a mildly dilated ascending aorta measuring 4.4 cm, and aortic sinuses of valsalva mildly dilated at 4.2 cm. Garafolo advised the decedent to follow up in a year. The decedent did not return. In September 2014, the decedent collapsed and died as a result of a ruptured ascending aortic aneurysm.
The plaintiff, the decedent's wife, Nancy E. Russell, commenced this action, inter alia, to recover damages for medical malpractice. Garafalo and the South Bay defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied their motions. Garafalo and the South Bay defendants separately appeal.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries" (Rosenthal v Alexander, 180 AD3d 826, 827; see Stukas v Streiter, 83 AD3d 18, 23). "Where a defendant makes a prima facie showing on both elements, 'the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element'" (Gilmore v Mihail, 174 AD3d 686, 687, quoting Stukas v Streiter, 83 AD3d at 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Gilmore v Mihail, 174 AD3d 686).
Here, Garafalo and the South Bay defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavits of their expert physicians who stated that, based on their review of the medical records, Garafalo did not deviate from accepted standards of medical care in failing to refer the decedent for further testing and in advising the decedent to return for a follow-up appointment in one year. The expert physicians also opined that Garafalo's care and treatment did not proximately cause the decedent's death.
In opposition, the plaintiff raised triable issues of fact through the affidavit of an expert who opined, inter alia, that Garafalo departed from the standard of care by failing to perform further diagnostic testing, including x-ray, C/T scan, or MRI, for the decedent's enlarged aortic root seen on the echocardiogram on September 5, 2012. The plaintiff's expert opined that the enlarged aortic root was evidence of a potential aortic aneurysm of the ascending thoracic aorta. The expert further opined that Garafalo's alleged departures deprived the decedent of a significant and reasonable opportunity for early diagnosis of the aortic aneurysm, and intervention (see Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 545; Flaherty v Fromberg, 46 AD3d 743, 745).
"When experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution" (Shields v Baktidy, 11 AD3d 671, 672; see Rosenstack v Wong, 106 AD3d 804, 806). Given the conflicting expert affidavits, we agree with the Supreme Court's determination denying the respective motions of Garafalo and the South Bay defendants for summary judgment dismissing the complaint insofar as asserted against each of them.
Garafolo's and the South Bay defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court