Williams v Halstead (2022 NY Slip Op 00905)





Williams v Halstead


2022 NY Slip Op 00905


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY , J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2018-07337
 (Index No. 502324/14)

[*1]Sharon Williams, etc., respondent,
v
Kelly Halstead, etc., et al., defendants, Jacqueline Bush, etc., et al., appellants.


Vigorito, Barker, Porter & Patterson, Valhalla, NY (Adonaid C. Medina of counsel), for appellant Jacqueline Bush.
Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Douglas H. Sanders, Melissa C. Ingrassia, and Robert B. Jackson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Jacqueline Bush appeals, and the defendant Madonna Services, Ltd., doing business as Madonna Perinatal Services, separately appeals, from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 1, 2018. The order, insofar as appealed from by the defendant Jacqueline Bush, denied her motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal by the defendant Madonna Services, Ltd., doing business as Madonna Perinatal Services, is deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further;
ORDERED that the order is affirmed insofar as appealed from by the defendant Jacqueline Bush; and it is further,
ORDERED that the plaintiff is awarded one bill of costs payable by the defendant Jacqueline Bush.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendant Jacqueline Bush (hereinafter the defendant), among others. The defendant is an obstetrician with a specialization in maternal-fetal medicine. The plaintiff's primary obstetrician referred the plaintiff to Bush because the plaintiff's pregnancy was considered to be high risk since the plaintiff was of advanced maternal age and had a history of chronic hypertension, among other reasons. The plaintiff alleged in her bill of particulars that the defendant departed from the standard of obstetrical care because, despite the plaintiff's known history of chronic hypertension, the defendant failed to control the plaintiff's blood pressure during her pregnancy by maintaining her on blood pressure medication, and further failed to admit the plaintiff to the hospital despite the presence of warning signs of pregnancy-induced hypertension and preeclampsia, resulting in premature delivery and injury to the fetus.
"'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries'" (Russell v Garafalo, 189 AD3d 1100, 1101, quoting Rosenthal v Alexander, 180 AD3d 826, 827; see Stukas v Streiter, 83 AD3d 18, 23). "'Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact'" as to the elements on which the defendant met the prima facie burden (Donnelly v Parikh, 150 AD3d 820, 822, quoting Leigh v Kyle, 143 AD3d 779, 781, and Gillespie v New York Hosp. Queens, 96 AD3d 901, 902; see Stukas v Streiter, 83 AD3d at 24). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Russell v Garafalo, 189 AD3d at 1101, quoting Feinberg v Feit, 23 AD3d 517, 519).
Here, in support of her motion, the defendant submitted, inter alia, the affirmation of her expert physician who stated, with a reasonable degree of medical certainty, that, based on his review of the medical records, the defendant treated the plaintiff in accordance with good and accepted obstetrical practice. More specifically, the defendant's expert opined, in effect, that blood pressure medication was not indicated prior to May 9, 2007, the plaintiff's circumstances did not meet the standard for inpatient hospital admission, and delivery was necessary on May 22, 2007. The defendant's submissions made a prima facie showing that she did not deviate from accepted standards of obstetrical care in her evaluation and treatment of the plaintiff.
However, in opposition, the plaintiff raised triable issues of fact through the submission of the affirmation of her expert physician, who stated, with a reasonable degree of medical certainty that, based on his review of the medical records, the defendant was negligent and departed from the standards of good and accepted obstetrical practice. More specifically, the defendant's expert materially disagreed with the plaintiff's expert, opining that blood pressure medication was "clearly indicated" on April 26, 2007, the plaintiff met the standard for inpatient hospital admission and treatment of her hypertension, and had these precautions been taken, delivery would not have been necessary on May 22, 2007. Given the conflicting expert affirmations, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court