Revellino v Haimovic (2023 NY Slip Op 02341)

Revellino v Haimovic

2023 NY Slip Op 02341

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2018-12897
 (Index No. 605400/14)

[*1]Janice Revellino, etc., respondent,
v
Itzak Haimovic, etc., et al., appellants, et al., defendants.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Megan A. Lawless of counsel), for appellants Karen Weingarten, NRAD Medical Associates, P.C., and Manhasset Diagnostic Imaging, P.C.
Abrams Fensterman, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Kathryn M. Beer], of counsel), for appellants Itzak Haimovic and Neurological Specialties of Long Island, PLLC.
Pegalis Law Group, LLC, Lake Success, NY (Robert V. Fallarino and Isabel C. Mira of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Karen Weingarten, NRAD Medical Associates, P.C., and Manhasset Diagnostic Imaging, P.C., appeal, and the defendants Itzak Haimovic and Neurological Specialities of Long Island, PLLC, separately appeal, from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered August 28, 2018. The order, insofar as appealed from, denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In October 2014, Dominick Revellino and Janice Revellino commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants Karen Weingarten, NRAD Medical Associates, P.C., Manhasset Diagnostic Imaging, P.C., Itzak Haimovic, and Neurological Specialities of Long Island, PLLC. The plaintiffs alleged that the defendants were negligent in their care and treatment of Dominick Revellino in that they failed to timely diagnose and
treat a spinal dural arteriovenous fistula. Thereafter, Weingarten, NRAD Medical Associates, P.C., and Manhasset Diagnostic Imaging, P.C. (hereinafter collectively the Weingarten defendants), and Haimovic and Neurological Specialities of Long Island, PLLC (hereinafter together the Haimovic defendants), separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered August 28, 2018, the Supreme Court, among other things, denied those defendants' separate motions. Those defendants separately appeal. During the pendency of the appeal, Dominick Revellino (hereinafter the decedent) died and Janice Revellino, as the administrator of his estate, was substituted for him (hereinafter together with Janice Revellino, the Revellinos).
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the [*2]plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (see Feinberg v Feit, 23 AD3d 517, 519).
Here, the Weingarten defendants and the Haimovic defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them through, among other things, the affirmations of their experts who opined that, based upon the review of, inter alia, the medical records, the deposition testimony, and the pleadings, those defendants did not depart from good and accepted medical practice in failing to timely diagnose and treat the decedent's spinal dural arteriovenous fistula and that the treatment and care rendered by them was not a proximate cause of his injuries (see Russell v Garafalo, 189 AD3d 1100, 1101-1102).
In opposition, however, the Revellinos raised triable issues of fact as to whether the Haimovic defendants departed from good and accepted medical practice by relying on a nondiagnostic radiological test and in failing to order further testing and whether those departures were a proximate cause of the decedent's injuries. Likewise, in opposition to the Weingarten defendants' motion for summary judgment, the Revellinos raised triable issues of fact as to whether Weingarten departed from the standard of care by failing to interpret an MRI and whether the failure to report certain findings proximately caused a delay in the decedent's diagnosis.
Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see id. at 1102). Given the conflicting expert opinions, the Supreme Court properly denied the separate motions of the Weingarten defendants and the Haimovic defendants for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court