Balgobind v Long Is. Jewish Med. Ctr. (2023 NY Slip Op 03673)

Balgobind v Long Is. Jewish Med. Ctr.

2023 NY Slip Op 03673

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-04342
 (Index No. 715099/17)

[*1]Kashturi Balgobind, etc., respondent, 
v
Long Island Jewish Medical Center, et al., appellants, et al., defendant.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Lena Holubnyczyj, and Nicholas Tam of counsel), for appellants.
Silberstein Awad & Miklos, P.C., Garden City, NY (Linda M. Oliva and Veronica Sewarine of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendants Long Island Jewish Medical Center and Northwell Health, Inc., appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 28, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing so much of the complaint as pertained to "the [plaintiff's decedent's] first admission [to the defendant Long Island Jewish Medical Center] resulting in a discharge from the hospital on August 12, 2016."
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 6, 2016, the plaintiff's decedent (hereinafter the decedent) was admitted to the emergency room of the defendant Long Island Jewish Medical Center (hereinafter the hospital) due to complaints of abdominal pain. On the same date, the decedent was diagnosed with a high grade small bowel obstruction with a transition point at the level of an umbilical hernia, and the defendant Stephen Litvak performed surgery to treat the hernia. The decedent was discharged from the hospital on August 12, 2016. On the following day, the decedent returned to the hospital with a complaint that a suture line from the surgery had opened. Litvak then performed a second surgery, and during that procedure, the decedent vomited while under general anesthesia, resulting in the decedent's death due to pulmonary aspiration.
In October 2017, the plaintiff commenced this action to recover damages for medical malpractice and wrongful death. The plaintiff alleged that the defendants' negligence during the decedent's first admission to the hospital, including the decedent's premature discharge from the hospital, resulted in a deterioration of his condition and the need for the second surgery during which the decedent died. Thereafter, the hospital and the defendant Northwell Health, Inc. (hereinafter together the hospital defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 28, 2020, the Supreme Court, inter alia, denied that branch of the hospital defendants' motion which was for summary judgment dismissing so much of the complaint as pertained to "the [decedent's] first admission [to the hospital] resulting in a discharge from the hospital on August 12, 2016." The hospital defendants appeal.
"'A defendant moving for summary judgment in a medical malpractice action must [*2]demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries'" (Russell v Garafalo, 189 AD3d 1100, 1101, quoting Rosenthal v Alexander, 180 AD3d 826, 827; see Stukas v Streiter, 83 AD3d 18, 23). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Stukas v Streiter, 83 AD3d at 24).
Here, the hospital defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the expert affirmation of Thomas Facelle, a medical doctor, who opined, among other things, that the hospital defendants did not deviate from accepted standards of medical practice with respect to the care rendered at the hospital upon the decedent's first admission or the decedent's discharge on August 12, 2016, and that the care and treatment rendered by the hospital defendants did not proximately cause the decedent's death (see Russell v Garafalo, 189 AD3d 1100). However, in opposition, the plaintiff raised triable issues of fact through the submission of, inter alia, a redacted expert's affirmation. The plaintiff's expert opined, among other things, that the hospital defendants departed from accepted standards of medical practice by failing to recognize signs of infection during the decedent's first admission to the hospital, including a rapid heart rate and high white blood cell count, and by prematurely discharging the decedent from the hospital on August 12, 2016, without instructions to limit his diet (see Williams v Halstead, 202 AD3d 891, 892-893; Heit v Long Is. Jewish Med. Ctr., 98 AD3d 565, 566). Moreover, the plaintiff's expert opined that such departures proximately caused the decedent's need to return to the hospital and undergo the second surgery, and the decedent's aspiration of vomit into his lungs during the second surgery that resulted in his death.
The hospital defendants' remaining contentions are without merit.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court