Borodkin v Friedwald Ctr. for Rehabilitation & Nursing, LLC (2024 NY Slip Op 01288)

Borodkin v Friedwald Ctr. for Rehabilitation & Nursing, LLC

2024 NY Slip Op 01288

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-02196
 (Index No. 30286/16)

[*1]Rosalind Borodkin, etc., respondent, 
v
Friedwald Center for Rehabilitation & Nursing, LLC, et al., defendants, Rachel Halevy, etc., et al., appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for appellant Rachel Halevy.
Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Joyce S. Lipton of counsel), for appellant Leah Brody.
Novo Law Firm, New York, NY (Ilya Novofastovsky of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Rachel Halevy and Leah Brody separately appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 24, 2020. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
While a resident at Friedwald Center for Rehabilitation & Nursing (hereinafter Friedwald), the plaintiff's decedent allegedly contracted a urinary tract infection (hereinafter UTI) that went undiagnosed and untreated despite various signs and symptoms. Although the defendant Leah Brodie, sued herein as Leah Brody (hereinafter Brodie), a physician assistant at Friedwald, ordered a urinalysis for the decedent on January 2, 2015, that test was never performed at Friedwald. On January 13, 2015, at the request of concerned family members, the decedent was transferred to a hospital, where she underwent a urinalysis and was diagnosed with a UTI and sepsis. Approximately one month later, the decedent died at the age of 86. Sepsis was identified as a cause of death.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, Brodie and the defendant Rachel Halevy, a medical doctor charged with the decedent's care at Friedwald. Brodie and Halevy separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied both motions on the basis that the plaintiff had raised triable issues of fact. Brodie and Halevy separately appeal.
Here, Brodie and Halevy established their prima facie entitlement to judgment as a matter of law through the submission of, among other things, the affirmations of experts who opined [*2]that, based upon their review of, inter alia, the medical records, the deposition testimony, and the pleadings, Brodie and Halevy did not depart from good and accepted medical practice in their treatment and care of the decedent and that the decedent's alleged injuries and death were not in any way related to the treatment and care that Brodie and Halevy rendered (see generally Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429; Shirley v Falkovsky, 207 AD3d 679, 681).
In opposition, however, the plaintiff raised triable issues of fact as to whether Brodie and Halevy departed from good and accepted medical practice and whether such departure was a proximate cause of the decedent's injuries and death. Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Lopresti v Alzoobaee, 217 AD3d 759, 761; Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724). Contrary to Brodie's and Halevy's contentions, the plaintiff's expert physician addressed specific assertions made by Brodie's and Halevy's experts and set forth an explanation of his reasoning as to how those defendants departed from good and accepted medical practice and how those departures proximately caused the decedent's injuries and death. Further, contrary to Brodie's and Halevy's contentions, the affirmation of the plaintiff's expert was not conclusory or speculative but was based upon specific facts in the record (see Gressman v Stephen-Johnson, 122 AD3d 904, 906).
Brodie's remaining contention is without merit.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court