Feng Xie v New York City Health & Hosps. Corp. (2024 NY Slip Op 01909)

Feng Xie v New York City Health & Hosps. Corp.

2024 NY Slip Op 01909

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-04144
 (Index No. 7715/09)

[*1]Feng Xie, et al., respondents, 
v
New York City Health and Hospitals Corporation, et al., defendants, Deyin D. Hsing, et al., appellants.

Kelly, Rode & Kelly, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Kathryn M. Beer, and Katherine Solomon] of counsel), for appellants Vesta Salehi, Marjorie Gayanilo, Stephen P. Simon, as administrator of the estate of Blanch Simon, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens.
Martin, Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg, Anthony M. Sola, and Jeffrey W. Stupak of counsel), for appellants Deyin D. Hsing and New York Presbyterian Hospital/New York Weill Cornell Medical Center.
Morelli Law Firm, PLLC, New York, NY (Sarah A. Mahoney of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Vesta Salehi, Marjorie Gayanilo, Stephen P. Simon, as administrator of the estate of Blanch Simon, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens appeal, and the defendants Deyin D. Hsing and New York Presbyterian Hospital/New York Weill Cornell Medical Center separately appeal, from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 28, 2020. The order, insofar as appealed from by the defendants Vesta Salehi, Marjorie Gayanilo, Stephen P. Simon, as administrator of the estate of Blanch Simon, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens, denied that branch of their renewed motion which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Deyin D. Hsing and New York Presbyterian Hospital/New York Weill Cornell Medical Center, denied their renewed motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiffs commenced this action as the parents and natural guardians of their minor child against, among others, Blanch Simon and the defendants Vesta Salehi, Marjorie Gayanilo, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens and the defendants Deyin D. Hsing and New York Presbyterian Hospital/New York Weill Cornell Medical Center (hereinafter together the New York Medical Center defendants). The plaintiffs alleged, inter alia, that the New York Medical Center defendants and Blanch Simon and the [*2]defendants Vesta Salehi, Marjorie Gayanilo, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens were negligent in their care and treatment of the child, who had viral encephalitis. The plaintiffs alleged that, as a result of such negligence, the child became incapacitated and is now dependent on others for all activities of daily life. Blanch Simon died during the pendency of this action, and Stephen P. Simon, as the administrator of the estate of Blanch Simon, was substituted as a defendant. In an order entered April 28, 2020, the Supreme Court, among other things, denied that branch of the renewed motion of the defendants Vesta Salehi, Marjorie Gayanilo, Stephen P. Simon, as administrator of the estate of Blanch Simon, Winifred Benjamin, Kristina Tzortis, and New York Hospital Medical Center of Queens (hereinafter collectively the Queens Medical Center defendants, and together with the New York Medical Center defendants, the defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. In the same order, the court denied the renewed motion of the New York Medical Center defendants for summary judgment dismissing the complaint insofar as asserted against them. The Queens Medical Center defendants appeal, and the New York Medical Center defendants separately appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Revellino v Haimovic, 216 AD3d 687, 688, citing Pirri-Logan v Pearl, 192 AD3d 1149, 1150). "If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Revellino v Haimovic, 216 AD3d at 688, citing Alvarez v Prospect Hosp., 68 NY2d 320, 324, Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Revellino v Haimovic, 216 AD3d at 688, citing Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them through the affirmations and affidavit of their experts, who opined, inter alia, that, based upon their review of the medical records, the deposition testimony, and the pleadings, the defendants did not depart from good and accepted medical practice in the care and treatment of the child and that the treatment and care rendered by them was not a proximate cause of the child's injuries (see Revellino v Haimovic, 216 AD3d at 688; Russell v Garafalo, 189 AD3d 1100, 1101-1102).
In opposition, however, the plaintiffs, through the affirmation of a physician certified in pediatrics and neurology, raised triable issues of fact with respect to whether the defendants deviated from the standard of care and whether those departures were a proximate cause of the child's injuries (see Revellino v Haimovic, 216 AD3d at 689; Russell v Garafalo, 189 AD3d at 1101-1102).
Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Revellino v Haimovic, 216 AD3d at 689; Russell v Garafalo, 189 AD3d at 1102). Given the conflicting expert opinions, the Supreme Court properly declined to award summary judgment to the defendants dismissing the complaint insofar as asserted against each of them.
The parties' remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court