Armond v Strangio (2024 NY Slip Op 02512)

Armond v Strangio

2024 NY Slip Op 02512

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12482
 (Index No. 700240/17)

[*1]Denise Armond, etc., et al., respondents,
v
Michael Strangio, etc., et al., defendants, James Henry, appellant.

Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela M. Gleit and Deborah A. Gray of counsel), for appellant.
Sanocki Newman & Turret, LLP, New York, NY (Carl B. Tegtmeier, David B. Turret, and Joshua Fogel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant James Henry appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered October 7, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
James Armond (hereinafter the decedent) presented to the emergency department of the defendant St. John's Episcopal Hospital (hereinafter the hospital) with right ankle pain and numbness. The decedent was initially assessed by an emergency department physician. An orthopedic consult was then performed by the defendant Michael Strangio, a podiatric resident who was not yet licensed in New York but had a permit to participate in the hospital's residency program, and by the defendant James Henry, the on-call orthopedic surgeon, who participated in the consult with Strangio via text message. The decedent was diagnosed with an ankle sprain and discharged the same day with directions to follow up with the hospital's orthopedic clinic. Approximately two weeks later, the decedent was admitted to the hospital, where he was diagnosed with acute/subacute ischemia of the right lower extremity and ultimately underwent, among other things, a below-the-knee amputation of his right leg.
In January 2017, the decedent, and the decedent's wife suing derivatively (hereinafter together the plaintiffs), commenced this action, inter alia, to recover damages for medical malpractice against, among others, Henry. The plaintiffs alleged that Henry deviated from the standard of care by, among other things, failing to complete a proper orthopedic consult of the decedent. Henry moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered October 7, 2019, the Supreme Court, inter alia, denied the motion. This appeal ensued. During the pendency of the appeal, the decedent died and Denise Armond, as the administrator of the decedent's estate, was substituted for the decedent.
The essential elements of a medical malpractice cause of action are that the defendant [*2]physician deviated or departed from accepted community standards of practice and that such deviation or departure was a proximate cause of the plaintiff's injuries (see Gross v Friedman, 73 NY2d 721, 723; Stukas v Streiter, 83 AD3d 18, 23). Thus, a defendant moving for summary judgment dismissing a cause of action alleging medical malpractice bears the initial burden of establishing that there was no departure from accepted community standards of practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Generally, where the parties adduce conflicting competent medical expert opinions, summary judgment is not appropriate, as such credibility issues can only be resolved by the trier of fact (see Barrocales v New York Methodist Hosp., 122 AD3d 648, 649).
Here, Henry established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting, among other things, the expert affidavit of an orthopedic surgeon who addressed the allegations of medical malpractice set forth in the plaintiffs' bill of particulars and opined that Henry did not depart from accepted standards of medical care in his treatment of the decedent and that, in any event, any alleged departure was not a proximate cause of the decedent's injuries.
In opposition, however, the plaintiffs' expert affidavit raised triable issues of fact as to whether Henry departed from good and accepted medical practice by, among other things, failing to complete a proper orthopedic consult of the decedent and whether those departures were a proximate cause of the decedent's alleged injuries. Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Russell v Garafolo, 189 AD3d 1100, 1102). Given the conflicting expert affidavits, the Supreme Court properly denied Henry's motion for summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court