Rani v Chaudhry (2025 NY Slip Op 02094)

Rani v Chaudhry

2025 NY Slip Op 02094

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-01773
 (Index No. 703256/16)

[*1]Usha Rani, etc., et al., appellants, 
v
Ghumman Chaudhry, etc., et al., defendants, Nadezhda Krebs, etc., et al., respondents.

Alan Ripka & Associates, LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellants.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Christopher J. Quvus and Jacqueline Mandell of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated February 23, 2021. The order, insofar as appealed from, granted the motion of the defendants Nadezhda Krebs and Mount Sinai Hospital of Queens for leave to reargue that branch of their prior motion, made jointly with the defendant Natela Abramov, which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them, which had been denied in an order of the same court dated January 27, 2020, and, upon reargument, in effect, vacated the determination in the order dated January 27, 2020, denying that branch of their prior motion, and thereupon granted that branch of their prior motion.
ORDERED that the order dated February 23, 2021, is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against the defendants Nadezhda Krebs, Natela Abramov, and Mount Sinai Hospital of Queens (hereinafter Mount Sinai), among others, alleging, inter alia, that they deviated from the accepted standard of medical care by clearing the plaintiffs' decedent for general anesthesia despite her chronic lung disease and alleged evidence of infection at the time of surgery. Krebs, Abramov, and Mount Sinai moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated January 27, 2020, the Supreme Court, among other things, denied that branch of the motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Krebs and Mount Sinai (hereinafter together the defendants).
The defendants moved for leave to reargue that branch of their prior motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. In an order dated February 23, 2021, the Supreme Court granted leave to reargue, and, upon reargument, in effect, vacated the determination in the order dated January 27, 2020, denying that branch of their prior motion, and thereupon granted that branch of their prior motion. The plaintiffs appeal from the order dated February 23, 2021.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries" (Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429 [citation and internal quotation marks omitted]; see Russell v Garafalo, 189 AD3d 1100, 1101). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d at 429 [internal quotation marks omitted]; see Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526).
"While [s]ummary judgment is [generally] not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as [s]uch credibility issues can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Elstein v Hammer, 192 AD3d 1075, 1077 [citations and internal quotation marks omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, the Supreme Court properly granted the defendants leave to reargue (see CPLR 2221[d]) and, upon reargument, properly granted that branch of their prior motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. The defendants established, prima facie, that they did not depart from accepted standards of care, thereby demonstrating their entitlement to judgment as a matter of law (see Corujo v Caputo, 224 AD3d 729, 731; Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert affidavit relied upon facts that were not supported by the record and failed to address specific opinions offered by the defendants' expert. The plaintiffs' expert report was thus speculative, conclusory, and insufficient to defeat that branch of the motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendants (see Corujo v Caputo, 224 AD3d at 732; Getselevich v Ornstein, 219 AD3d 1493, 1495; Elstein v Hammer, 192 AD3d at 1079).
Accordingly, we affirm the order dated February 23, 2021, insofar as appealed from.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court