DePasquale v Staten Is. Univ. Hosp. (2025 NY Slip Op 07280)

DePasquale v Staten Is. Univ. Hosp.

2025 NY Slip Op 07280

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-00922
 (Index No. 151010/15)

[*1]Estelle DePasquale, et al., respondents,
vStaten Island University Hospital, et al., defendants, Corneliu Vulpe, appellant.

Voute Lohrfink McAndrew & Meisner, LLP, White Plains, NY (Neil B. Ptashnik of counsel), for appellant.
Kuharski Levitz Giovinazzo Law Group, Staten Island, NY (Lonny R. Levitz of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for medical malpractice, etc., the defendant Corneliu Vulpe appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated July 27, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Corneliu Vulpe for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiffs commenced separate actions, which were later consolidated, inter alia, to recover damages for medical malpractice against, among others, the defendant Corneliu Vulpe. Vulpe performed a cholecystectomy on the plaintiff Estelle DePasquale after she presented to the emergency department of the defendant Staten Island University Hospital complaining of abdominal pain. The plaintiffs alleged, in relevant part, that Vulpe failed to properly monitor DePasquale following the surgical procedure and discharged her while she was exhibiting symptoms of an infection, leading to additional hospitalizations and medical procedures. Following the completion of discovery, Vulpe moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated July 27, 2020, the Supreme Court denied Vulpe's motion. Vulpe appeals.
"'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries'" (Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429 [citation and internal quotation marks omitted], quoting Russell v Garafalo, 189 AD3d 1100, 1101). "'Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (id., quoting Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526).
"While '[s]ummary judgment is [generally] not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as [s]uch credibility issues can only be resolved by a jury' (Smith v Sommer, 189 AD3d 906, 907), 'expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact'" (Elstein v Hammer, 192 AD3d 1075, 1077 [citations omitted], quoting Wagner v Parker, 172 AD3d 954, 955). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (id., quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, Vulpe established, prima facie, that he did not depart from accepted standards of care in treating DePasquale, thereby demonstrating his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Corujo v Caputo, 224 AD3d 729, 731; Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert affirmation did not specifically cite evidence in the record and failed to address specific opinions offered by Vulpe's expert. The plaintiffs' expert affirmation was thus speculative, conclusory, and insufficient to defeat Vulpe's motion for summary judgment dismissing the complaint insofar as asserted against him (see Corujo v Caputo, 224 AD3d at 732; Getselevich v Ornstein, 219 AD3d 1493, 1495; Elstein v Hammer, 192 AD3d at 1079). Accordingly, the Supreme Court erred in denying Vulpe's motion.
The plaintiffs' remaining contention is without merit.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court